UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GARY DILLON,<br>    Plaintiff, | : :<br>: | |
| v. | : : : | CASE NO. 3:15-cv-1539 (SRU) |
| DR. MAURICE LEE,<br>    Defendant. | : :<br>: | |

**INITIAL REVIEW ORDER**

Plaintiff Gary Dillon, currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that defendant psychiatrist Dr. Maurice Lee provided him with deficient mental health care. The complaint was received by the Court on October 23, 2015. Dillon's motion to proceed *in forma pauperis* was granted on November 6, 2015.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to

relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.   Allegations

Dr. Lee prescribed Risperdal to treat Dillon's mental health conditions. Dillon began complaining that he was developing breast tissue and experiencing blurred vision. He asked Dr. Lee to discontinue the Risperdal but Dr. Lee refused. Dr. Lee threatened to call a panel and have Dillon forcibly medicated. Dr. Lee also refused to change the medication.

Dillon was diagnosed with gynecomastia. He experienced fluid discharge from the breast tissue and his eyes continued to worsen. Medical records attached to the complaint show that Dr. Lee discontinued Risperdal in July 2012. In September 2015, Dillon underwent surgery to remove the excess chest tissue. He now cannot see without glasses.

II.  Analysis

The limitations period for filing a section 1983 action is three years. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Under federal law, a cause of action accrues—and the statute of limitations begins to run—when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See United States v. Kubrick*,

444 U.S. 111, 122-24 (1979); *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). Although the statute of limitations ordinarily is an affirmative defense, the district court "may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitation defense are set forth in the papers plaintiff himself submitted.'" *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 600 n.11 (2d Cir. 1980)).

Dillon alleges that he complained about the side effects of Risperdal while he was taking the medication. He provides copies of medical records indicating that, on July 27, 2012, Dr. Lee ordered the medication discontinued. Doc. # 1 at 9-10. Thus, Dillon was aware of his injuries before July 2012. In addition, any improper actions by Dr. Lee in prescribing Risperdal or in failing to monitor Dillon's condition while he was taking it, ended in July 2012, when the drug was discontinued. Dillon did not sign the complaint and file this action until October 2015, more than three years after the drug was discontinued. Thus, his claim is time-barred.

Under certain circumstances, however, the limitations period may be tolled. "Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled . . . ." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citation and internal quotation marks omitted).

> Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies, but filed a defective pleading during the specified time period . . . where the plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant . . . or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion . . . When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled and (2) has proved that the circumstances are so extraordinary that the

doctrine should apply.

*Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal citations and quotation marks omitted). A district court within the Second Circuit has held that incarceration alone does not warrant equitable tolling. *See Perry v. Sony Music*, 463 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (holding that incarceration was insufficient to equitably toll limitations where there was no showing of diligence on the plaintiff's part, misconduct by the defendants or any other compelling ground).

Dillon has alleged no facts suggesting that the limitations period should be tolled in this case. He may file an amended complaint within thirty days of this order if he can allege facts sufficient to warrant equitable tolling of the limitations period.

III.     Conclusion

The complaint [**Doc. #1**] is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as barred by the statute of limitations. The dismissal is without prejudice to Dillon filing a motion to reopen accompanied by an amended complaint that alleges, in addition to his claim against Dr. Lee, sufficient facts to warrant equitable tolling of the limitations period. Any motion to reopen and amended complaint shall be filed within **thirty (30) days** from the date of this order, or the dismissal will be with prejudice.

In light of the dismissal, Dillon's motions for issuance of subpoena [**Doc. #3**] and for appointment of counsel [**Doc. #4**] are **DENIED** as moot.

**SO ORDERED** this 23rd day of November 2015 at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill

4

/s/ United States District Judge